USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 26 2011

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MALIK ROBINSON,

Petitioner,

-v-

SUPERINTENDENT J. T. SMITH,

Respondent.

MEMORANDUM DECISION AND ORDER

09 CV 8222 (GBD) (AJP)

GEORGE B. DANIELS, District Judge:

Petitioner Malik Robinson brought this writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner contends that his conviction and incarceration violate the United States Constitution because: (Claim 1) the trial court erred in denying his Batson claim; (Claim 2) the trial court's jury charge deprived him of a fair trial; (Claim 3) the jury's verdict was repugnant; and (4) his sentence was excessive. This Court referred the matter to Magistrate Judge Andrew J. Peck for a Report and Recommendation ("Report"). Magistrate Judge Peck recommended that Petitioner's habeas corpus petition be denied in its entirety.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not

[1] Petitioner filed his writ *pro se*, but retained counsel after the Report and Recommendation was issued.

required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Peck advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This Court received a timely objection from Petitioner challenging solely the Magistrate Judge's recommendation to deny his Batson claim. Petitioner's objection is not meritorious.

After carefully reviewing the Report with respect to Claims 2, 3, and 4, to which Petitioner has not objected, the Court finds that the Magistrate Judge's determinations were not facially erroneous. Claim 2 is procedurally barred. The Appellate Division rejected the claim on an adequate and independent state ground, finding that Petitioner's challenges to the jury charge were unpreserved due to his failure to object at trial. Claims 3 and 4 are not cognizable on federal habeas review. The court is "not permitted to grant habeas simply because a jury's verdicts are inconsistent." Suarez v. Bennett, 207 F. App'x 114, 116 (2d Cir. 2006), cert. denied, 551 U.S. 1106 (2007); accord United States v. Powell, 469 U.S. 57, 58, 64-65 (1984); Harris v. Rivera, 454 U.S. 339, 345 (1981). A federal constitutional issue does not exist regarding Petitioner's sentence in light of the fact that he was sentenced within the statutory range proscribed by state law. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). Accordingly,

this Court adopts the Report's recommendations with regards to Claims 2, 3, and 4.

After carefully reviewing the Report with respect to Claim 1 in light of Petitioner's objection, this Court finds that Magistrate Judge Peck properly recommended that it should be denied. The state prosecutor provided race neutral reasons for striking two black male prospective jurors – namely, the lack of white collar workers amongst the empaneled jurors and his inability to get a good sense of the juror's courtroom demeanor. The trial court found, based upon its assessment of the credibility and demeanor of the state prosecutor, that the state prosecutor's reasons were not pretextual for intentional race discrimination. That determination is afforded great deference. 28 U.S.C. §§ 2254(d)(2) & (e); Felkner v. Jackson, 131 S. Ct. 1305, 1307 (2011) (per curiam). This Court's review of that determination is limited to the record that was before the trial court, "the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398, 1400 (2011). Petitioner's arguments amount to nothing more than a mere disagreement with the state court's factual determination. Petitioner has failed to demonstrate that the state court's determination was objectively unreasonable. More importantly, Petitioner has failed to demonstrate that the Appellate Division's review of the state court's determination involved an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts. Accordingly, Petitioner's objections are overruled. The Report's recommendation to deny Petitioner's Batson claim is adopted.

As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir.1998); United States v. Perez, 129 F.3d 255, 259-060 (2d Cir.1997); Lozada v. United States, 107 F.3d 1011 (2d Cir.1997). Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See

Malley v. Corporation Counsel of the City of New York, 9 Fed. Appx. 58, 60 (2d Cir.2001).

**CONCLUSION**

The writ is denied and the petition dismissed.

Dated: New York, New York
July 26, 2011

SO ORDERED:

GEORGE B. DANIELS
United States District Judge